IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAY L. DOCKWEILER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:14CV00410-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Jay Dockweiler, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will

1

not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff argues that the Administrative Law Judge (ALJ) erred in concluding his antisocial personality disorder was not a "severe" impairment. (Pl.'s Br. 7-8.) Plaintiff clearly suffers from both physical and mental limitations. And several doctors have provided opinions in this case. But a close review of the record reveals that the ALJ weighed the numerous medical reports and opinions and his conclusion is based on sound rationale.

With regard to Plaintiff's diagnosis of antisocial personality disorder, the Court has reviewed the Mental Diagnostic Evaluation (Tr. 206-210) by Terry L. Efird, Ph.D., the Mental Status and Evaluation of Adaptive Functioning (Tr. 245-248) by Nancy A. Bunting, Ph.D., and Psychiatric Review Technique Form[1] (Tr. 253-265) and Mental Residual Functional Capacity Assessment (Tr. 249-251) by Brad F. Williams, Ph.D. While Dr. Williams's conclusion certainly favors Plaintiff's position, the other evaluations are consistent with the ALJ's conclusion that Plaintiff's Axis II diagnosis of antisocial personality disorder did not amount to a "severe" impairment under the regulations. Although Plaintiff denied it at the administrative hearing, the record is replete with evidence that Plaintiff's main issue is that he drinks excessive amounts of alcohol. (Tr. 220, 224, 246-247, 251, 268.)

Plaintiff has advanced other arguments that the Court has considered and finds to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole

---

[1]In addition to the five-step sequential evaluation process noted above, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. § 404.1520a. The steps of this process are documented by the completion of a standard form, the Psychiatric Review Technique Form. 20 C.F.R. § 404.1520a(d).

which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 11th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE